**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

GHISLAINE PAUL,

      Plaintiff,

    v.

NOUBAR A. DIDIZIAN, *et al*.,

      Defendants.

**Civil Action No. 12-1196 (CKK)**

**MEMORANDUM OPINION**
(July 31, 2013)

Plaintiff, Ghislaine Paul ("Plaintiff"), who is proceeding *pro se*, brings this action against the District of Columbia[1] (the "District") and Dr. Noubar A. Didizian ("Didizian") (together "Defendants"), alleging that Defendants committed medical malpractice and violated various federal statutes in connection with the District's termination of Plaintiff's worker's compensation benefits. Presently before the Court are the following motions: the District's [9] motion to dismiss or in the alternative for summary judgment; Didizian's [10] motion to dismiss; and Plaintiff's [17] motion to reopen and consolidate. Upon consideration of the parties' submissions, the relevant authorities, and the record as a whole, the Court shall GRANT the District's [9] motion to dismiss insofar as it seeks dismissal, without prejudice, of Plaintiff's claims against it due to Plaintiff's insufficient service of process upon the District. The Court

---

[1] Plaintiff's Complaint names the District of Columbia's Office of Risk Management Disability Compensation Program as a defendant. However, as an agency within the District of Columbia Government, the Office of Risk Management is *non sui juris* and therefore cannot be a party to this lawsuit. *See Does I through III v. District of Columbia*, 238 F. Supp. 3d 212, 222 (D.D.C. 2002) (citations omitted). Because Plaintiff is *pro se*, the Court shall liberally construe her pleadings and shall *sua sponte* substitute the District of Columbia as the proper party defendant.

shall also GRANT Didizian's [10] motion to dismiss insofar as it seeks dismissal of Plaintiff's claims against Didizian, with prejudice, due to Plaintiff's failure to timely file those claims in accordance with the applicable statute of limitations. Further, Plaintiff's motion [17] to reopen and consolidate is DENIED.

## I. BACKGROUND

The following facts are taken from the Complaint and must be accepted as true for purposes of a motion to dismiss. *See Atherton v. D.C. Office of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009), *cert. denied*, 559 U.S. 1039 (2010). On May 3, 2002, Plaintiff injured her neck and back while working as a Spanish teacher for the District of Columbia Public Schools at Francis Junior High School. *See* Compl., ECF No. [1], at 8. As a result of this injury, Plaintiff filed a claim with the Disability Compensation Program, which was granted on August 20, 2002. *Id.* Sometime before August 2004, Plaintiff's disability benefits were terminated because of Plaintiff's failure to attend "Job Club." *Id.* at 9. Accordingly, Plaintiff returned to work in August 2004. *Id.* After a series of legal procedures, Plaintiff's benefits were restored on November 29, 2006, although Plaintiff appears to contend that the benefits to which she was entitled were never restored in full. *Id.* at 10. Subsequently, on May 16, 2007, Plaintiff underwent a one-time independent medical examination by Didizian, whom Plaintiff describes as a "hand surgeon specialist." *Id*. On October 15, 2007, Plaintiff's disability benefits were once again terminated, this time allegedly due to a report produced by Didizian following that May 16, 2007 examination, which Plaintiff contends was "incomplete" and "fraudulent." *Id*. at 10, 14. For this, and other reasons, Plaintiff disputes the validity of the termination of her workman's compensation benefits. *See generally* Compl.

On February 6, 2008, Administrative Law Judge Teri Thompson reviewed and affirmed the termination of benefits. *Id.* at 14. Further, Plaintiff's application for reinstatement of disability benefits was denied by the Disability Compensation Program on December 29, 2008, and again on February 2, 2009. *Id.* Having failed on her administrative claims, on October 1, 2010, Plaintiff filed a suit in the Eastern District of Virginia, against the District and Didizian, alleging that Didizian's evaluation of her medical condition (on which the District relied in terminating her benefits) constituted medical malpractice. The suit was then transferred to this Court, where the undersigned dismissed it without prejudice for want of subject matter jurisdiction, as Plaintiff had not raised any federal questions; nor was there complete diversity, given that both Plaintiff and Didizian were residents of Pennsylvania. *See Paul v. Didizian*, Civ. A. No. 11-684, 819 F. Supp. 2d 31, 33 (D.D.C. 2011). Plaintiff appealed the Court's ruling, and on April 11, 2012, the D.C. Circuit summarily affirmed this Court's decision. *Id.*, ECF No. [36].

On July 20, 2012, Plaintiff filed the instant action *pro se*. Plaintiff's Complaint is far from a model of clarity, as it is sweeping in scope and replete with conclusory assertions devoid of factual content, as well as extraneous allegations with no clear link to the parties or causes of action upon which Plaintiff purports to rely. Based upon the Court's best efforts to decipher the Complaint, Plaintiff appears to be asserting claims of malpractice similar to those raised in her prior suit, along with claims alleging violations of the Constitution and a plethora of federal statutes including, inexplicably, several federal criminal statutes (which, of course, do not give rise to any causes of action in this civil case). *See generally* Compl. at 2, 5, 8-11.

On September 7, 2012, the District, filed its [9] motion to dismiss or in the alternative for summary judgment ("District's Mot."). Therein, the District argues that Plaintiff has not effectuated proper service, that her claims are barred by *res judicata*, and that she has failed to

state a claim.  *See* District's Mot. at 1.  On September 11, 2012, Didizian filed his [10] motion to dismiss, with a supporting [10-1] memorandum ("Didizian Mem.").  Therein, Didizian argues that Plaintiff has not stated a claim, and even if she did her claims would be barred by the statute of limitations.  *See* Didizian Mem.

Plaintiff filed her oppositions to both motions on September 20, 2012.  *See* ECF Nos. [18],[19].  Also on September 20, 2012, Plaintiff moved to reopen the now dismissed case previously before this Court, Civil Action No. 11-684.  *See* ECF No. [17].  Additionally, it appears that in response to the District's assertion of lack of service, Plaintiff attempted to mail a copy of the complaint to the Executive Office of the Mayor.  *See* Pl.'s Opp'n, at Ex.1 (a copy of a September 12, 2012, receipt for a certified mailing).

The District timely filed a [21] reply in further support of its motion; Didizian opted not to file a reply.  Accordingly, all three motions pending in this matter are ripe for adjudication.

## II. LEGAL STANDARDS

### A.  Federal Rule of Civil Procedure 12(b)(5)

A court ordinarily may not exercise personal jurisdiction over a party named as a defendant in the absence of service of process (or waiver of service by the defendant).  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444–45 (1946) ("[S]ervice of summons is the procedure by which a court . . . asserts jurisdiction over the person of the party served.")).  Pursuant to Federal Rule of Civil Procedure 12(b)(5), "if the plaintiff does not properly effect service on a defendant, then the defendant may move to dismiss

4

the complaint" without prejudice. *Hilska v. Jones*, 217 F.R.D. 16, 20 (D.D.C.2003*); see also Simpkins v. District of Columbia*, 108 F.3d 366, 369 (D.C.Cir.1997).   "The party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of [Federal Rule of Civil Procedure 4] and any other applicable provision of law."   *Light v. Wolf*, 816 F.2d 746, 750 (D.C. Cir. 1987) (internal quotation omitted).

## B.  Federal Rule of Civil Procedure 12(b)(6)

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *accord Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam).   Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."   *Id.* at 1964–65; *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986).   Instead, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."   *Twombly*, 550 U.S. at 570.   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citing *Twombly*, 550 U.S. at 556).

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must construe the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations. *In re United Mine*

*Workers of Am. Employee Benefit Plans Litig.*, 854 F.Supp. 914, 915 (D.D.C.1994).  Further, the Court is limited to considering the facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which the court may take judicial notice, and matters of public record. *See EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C.Cir.1997).

A defendant may raise the affirmative defense of statute of limitations in a Rule 12(b)(6) motion when the facts that give rise to the defense are clear from the face of the complaint. *See Smith–Haynie v. District of Columbia*, 155 F.3d 575, 578 (D.C. Cir. 1998).  The court should grant a motion to dismiss only if the complaint on its face is conclusively time-barred. *Id.; Doe v. Dep't of Justice*, 753 F.2d 1092, 1115 (D.C. Cir. 1985).

### III. DISCUSSION

The Court will address Defendants' motions to dismiss separately, first addressing the District's insufficient service argument and then addressing Didizian's statute of limitations argument.  Because this case requires dismissal on those grounds, the Court need not, and in the interest of judicial economy, shall not address the parties' alternative arguments for dismissal.

### A.  Lack of Service for Defendant District of Columbia

Federal Rule of Civil Procedure 4(m) provides, in pertinent part that "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Further, Rule 4(l)(1) provides that "[u]nless service is waived, proof of service must be made to the court … by the server's affidavit." Where, as here, validity of service is challenged, the plaintiff bears the burden of proving that service was sufficient or that good cause exists for extending the time in which to effect proper

service. *Bolger v. Dist. of Columbia*, 248 F.R.D. 335, 338 (D.D.C. 2008) (citations omitted). Plaintiff commenced this action on July 20, 2012. *See* Compl. Accordingly, service was due on November 19, 2012. As explained below, Plaintiff has neither satisfied her burden of proving sufficient service, nor even requested – let alone established good cause for – an extension of time to effect proper service.

Rule 4(j)(2) of the Federal Rules of Civil Procedure governs service of process "upon a state, municipal corporation, or other governmental organization." The Rule states that service shall be effected by delivering a copy of the summons and the complaint to the chief executive officer (here, the Mayor of the District of Columbia), or "by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant." Fed. R. Civ. P. 4(j)(2).  Rule 4(j)(1) of the District of Columbia Superior Court Civil Rules prescribes the method for effecting service of process on the District:

> Service shall be made upon the District of Columbia by delivering . . . or mailing (pursuant to paragraph (c)(3)) a copy of the summons, complaint and initial order to the Mayor of the District of Columbia (or designee) and the Corporation Counsel [now the Attorney General] of the District of Columbia (or designee). The Mayor and the Corporation Counsel may each designate an employee for receipt of service of process by filing a written notice with the Clerk of the [Superior] Court.

Paragraph (c)(3) states that "as to any defendant described in subdivision . . . (j), service also may be effected by mailing a copy of the summons, complaint and initial order to the person to be served by registered or certified mail, return receipt requested." D.C. Super. Ct. Civ. R. 4(c)(3). The Mayor has designated the Secretary of the District of Columbia ("Secretary") as his agent for the receipt of legal correspondence including summonses and complaints. *See* Mayor's Order 2004–77 ¶ 1 (May 14, 2004).  The Secretary, in turn, designates a small number of agents,

one of which must sign for the certified mail in order for service to be perfected. *Eldridge v. Dist. of Columbia*, 866 A.2d 786, 787 (D.C. 2004).

Accordingly in meeting her burden of service, Plaintiff had the option of either personally serving a designated agent of the Mayor (the Secretary or one of her designees), *see* Fed. R. Civ. P. 4(j)(2)(A), or by mailing two copies of the complaint and summons, one to a designated agent of the Mayor and another to a designated agent of the Attorney General of the District of Columbia ("Attorney General"), *see* Fed. R. Civ. P. 4(j)(2)(B). *See generally Byrd v. Dist. of Columbia*, 230 F.R.D. 56, 58 (D.D.C. 2005). Plaintiff has not satisfied her burden of proving that service was effectuated under either alternative.

Plaintiff offers three pieces of evidence[2] to prove service: (1) an Affidavit of Summons and Complaint Executed, stating that a copy of the Complaint and Summons was served to the Director of the Office of Risk Management on August 1, 2012, *see* ECF No. [4]; (2) a copy of a September 12, 2012, receipt for a certified mailing to the "Executive Office of the Mayor;" *see* ECF No. [19-1] and, (3) a screen-print from USPS.com which shows that the mailing was delivered on September 17, 2012, *see id.* What is notably absent is evidence that the mailing, just described, contained the Complaint and summons or proof that one of the Secretary's designees signed for the mailing.

First, Plaintiff has not perfected service under Fed. R. Civ. P. 4 (j)(2)(A). Again, in order to perfect service under this rule Plaintiff was required to personally serve the Mayor, the Secretary, or one of the Secretary's designees. *Id.* Insufficiently, Plaintiff only served the

---

[2] Plaintiff further offers an [25] affidavit from her process server to explain why the Director of the Office of Risk Management was served instead of the Office of the Attorney General. *See* Affidavit of Denis J. Hynes (October 26, 2012). Because the affidavit is not notarized or signed under penalty of perjury, the Court declines to consider it. *See* Fed. R. Civ. P. 4(l)(i); 28 U.S.C. §1746. Moreover, even if the Court were to consider the affidavit, the facts alleged therein are irrelevant to the limited inquiry of whether service was perfected.

Director of the Office of Risk Management, *see* ECF No. [4], who has not been designated by the Mayor to receive legal correspondence.[3] *See* Mayor's Order 2004–77 ¶ 1 (May 14, 2004). Further, Plaintiff's attempt to mail a copy of the complaint to the Executive Office of the Mayor is also insufficient to meet the requirements of Fed. R. Civ. P. 4(j)(2)(A), which requires the copy to be "deliver[ed]" and not mailed.  Plaintiff has not effected service under Fed. R. Civ. P. 4(j)(2)(A).

Second, Plaintiff has not perfected service under Fed. R. Civ. P. 4 (j)(2)(B).  Here, Plaintiff was required to either personally serve or mail through certified mail, a copy of the complaint and summons to *both* the Office of the Mayor and the Office of the Attorney General. As discussed above, Plaintiff's personal service upon the Director of the Office of Risk Management did not constitute service upon the Office of the Mayor, because the Director is not a designee of the Mayor for the receipt of legal correspondence.  *See* Mayor's Order 2004–77 ¶ 1 (May 14, 2004).  Plaintiff appears to have recognized that this service was insufficient, as the Court understands that she attempted to mail a copy of the complaint to the "Executive Office of the Mayor," *see* Pl.'s [19] Opp'n at Ex. 1, less than a week after the District's motion to dismiss was filed.

However, this mailing is also insufficient given that "[t]he plaintiff bears the burden of proving the validity of service if it is challenged." *Whitehead v. CBS/Viacom, Inc.*, 221 F.R.D. 1, 2 (D.D.C. 2004). First, there is no affidavit or other evidence on the record that shows that (1) the mailing pertaining to the copy of the receipt attached to Plaintiff's opposition contained the

_____

[3] While the Director of the Office of Risk Management *is* the Mayor's designee for the purpose of receiving notices of claims (which describe the place, cause and circumstances of injuries, within six months of the injury, for the purpose of putting the District on notice of a possible lawsuit), this is not relevant to the instant case which involves a complaint and an actual lawsuit. *See* Mayor's Order 2004–77 ¶ 1 (May 14, 2004); D.C. Code. § 12-309.

Complaint and summons, or (2) that the mailing was in fact received by somebody authorized to receive legal correspondence, *see Eldridge*, 866 A.2d at 787.  In short, Plaintiff has not provided proof that the Office of the Mayor was actually served.  In any event, the Court need not decide if this failure of proof by itself warrants dismissal, because Plaintiff made no further attempt to serve the Attorney General.  *Cf.*  Fed. R. Civ. P.  4 (l)(3) ("failure to prove service does not affect the validity of service").

As the foregoing makes clear, Plaintiff has failed to serve the District under the strictures of Fed. R. Civ. P. 4(j)(2)(B) and Sup. Ct. Civ. R. 4(j)(1).  Nor has Plaintiff at any point requested an extension of time to serve or even argued that her failure to effect proper service on the District should be excused for good cause, *see* Fed. R. Civ. P. 4(m).  Even if she had, the Court would have rejected the argument.  While Plaintiff is preceding *pro se*, and must be given some degree of leniency in procedural matters, *Smith v. United States*, 475 F. Supp. 2d 1, 10-11 (D.D.C. 2006), she was put on direct notice by the District's motion to dismiss as to the exact rule and requirements of service that she was required to meet. *See* District's Mot. at 5.[4]  Despite this warning and eleven months' time, Plaintiff has failed to serve or even to attempt to serve the Attorney General.

Without proper service, this Court lacks personal jurisdiction and cannot hear the case. *See Murphy Bros.*, 526 U.S. at 350.  Accordingly, the District's motion to dismiss is granted insofar as it requests dismissal of Plaintiff's claims against the District, without prejudice, for insufficient service of process.

---

[4] What is more, in Plaintiff's previous action this Court directed Plaintiff to the applicable rules and requirements of service, such that she should be familiar with them.  *See Paul v. Didizian*, 819 F.Supp.2d 31, Case No. 11-cv-684, ECF No. [9] (Order to show proof of service).

**B.  Claims Against Didizian and the Statute of Limitations**

Didizian argues in his motions to dismiss that all of Plaintiff's claims against him are time barred.  *See* Didizian's Mem. at 13.  This argument is properly considered via a Rule 12(b)(6) motion. *See Gordon v. Nat'l Youth Work Alliance*, 675 F.2d 356, 360 (D.C. Cir. 1982); *Nat'l R.R. Passenger Corp. v. Lexington Ins. Co.*, 357 F.Supp.2d 287, 292 (D.D.C. 2005).  A motion to dismiss may be granted on statute of limitations grounds only if the facts giving rise to the statute of limitations defense are apparent from the face of the Complaint.  *See Doe v. U.S. Dep't of Justice*, 753 F.2d 1092, 1115 (D.C.Cir.1985).

While the Court understands Plaintiff to assert sundry constitutional and statutory claims against the District in connection with its disability compensation determinations over several years, the Complaint mentions Didizian only in passing, and only in connection with his one-time independent medical examination of Plaintiff. *See* Compl. at 5, 10. The gravamen of Plaintiff's claim against Didizian is that he filed an inaccurate report of her May 15, 2007 examination, which caused Plaintiff to lose her disability compensation on October 16, 2007. *See* Compl. at 10.  Given the Complaint's complete dearth of factual content regarding Didizian's examination and report, it remains unclear to the Court whether Plaintiff alleges that Didizian committed an intentional tort or engaged in medical malpractice, but under either scenario, the Court must apply choice of law rules of the forum in which it sits – *i.e.*, the choice of law rules of the District of Columbia.  *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 496 (1941).

The District of Columbia's choice of law rules treat statutes of limitations as procedural, and accordingly requires the application of the District's statutes of limitations on actions filed in this Court.  *A.I. Trade Fin., Inc. v. Petra Int'l Banking Corp.*, 62 F.3d 1454, 1458 (D.C. Cir.

1995).   Relevant here, the District of Columbia's catch-all statute of limitations for causes of action not explicitly listed – such as those which the Court understands Plaintiff to have brought against Didizian – is three years.  *See* D.C. Code § 12-301(8).[5]

As aforementioned, Plaintiff alleges that as a result of the May 15, 2007 examination, Didizian filed an incorrect report which resulted in Plaintiff losing her disability compensation on October 16, 2007.  *See* Compl. at 10.  Generously, the Court will assume without finding that Plaintiff's injury was not apparent immediately.  Accordingly, it is from the later date – October 16, 2007 – that the Court will measure the statute of limitations, as it is when any injury must have been readily determinable by the Plaintiff.  *See Mullin v. Free Weekly, Inc.*, 785 A.2d 296. 298 (D.C. 2001).  This given, Plaintiff should have filed her lawsuit against Didizian by no later than October 16, 2010.  However, Plaintiff did not file the instant Complaint until July 20, 2012 – over one year and nine months after the limitations period had expired.  *See* ECF No. [1]. Therefore, Plaintiff's claim against Didizian were not timely asserted and must be dismissed.

Additionally, "District of Columbia precedent firmly holds that statutes of limitations are not equitably tolled when a similar cause of action, filed within the limitations period, has been dismissed for lack of . . . jurisdiction."  *Johnson v. Long Beach Mortgage Loan Trust 2001-4*, 451 F. Supp. 2d 16, 52-53 (D.D.C. 2006).  Indeed, "[t]he District of Columbia Court of Appeals has made clear that 'good-faith mistakes of forum' do not qualify for equitable tolling even if

---

[5] To the extent Plaintiffs' Complaint could be generously construed as also asserting civil rights and other federal claims against Didizian, as opposed to just the District, the Court notes that those claims would nevertheless also be time-barred as against Didizian insofar as they are premised on the 2007 denial of disability compensation allegedly caused by his medical report. *See Burnett v. Grattan*, 468 U.S. 42, 49 (1984) ("It is now settled that federal courts will turn to state law for statutes of limitations in actions brought under [42 U.S.C. §§ 1981, 1983, 1985, and 1986.]"); *see also Stewart v. Dist. of Columbia*, Civ. A. No. 4cv1444, 2006 WL 626921 (D.D.C. Mar. 12, 2006) (discussing statutes of limitations applicable to claims under the Americans with Disabilities Act and Rehabilitation Act).

'the defendant was on notice of the claim as of the initial filing in an improper forum that occurred within the limitations period.'" *Jankovic v. Int'l Crisis Grp.*, 494 F.3d 1080, 1087 (D.C. Cir. 2007) (quoting *Sayyad v. Fawzi*, 674 A.2d 905, 906 (D.C.1996)); *see also Bond v. Serano*, 566 A.2d 47, 47 (D.C.1989).   In light of this clear precedent, Plaintiff's previous filing of similar claims against Didizian in this Court within the statute of limitations period is simply irrelevant in determining whether her current malpractice claim is time-barred, because it was dismissed for lack of diversity jurisdiction.  *See Jovanovic v. US-Algeria Bus. Council*, 561 F. Supp. 2d 103, 112 (D.D.C. 2008).   In any event, the Court notes that even if the Court were to equitably toll the time that Plaintiff's previous claim was before this Court, the instant action would still have been filed untimely.

As a result, Plaintiff's claims against Didizian will be dismissed, with prejudice, as time barred.

## C.  Plaintiff's Motion to Reopen and Consolidate

Plaintiff's [17] motion to reopen and consolidate requests that the Court reopen her previous action, Civil Action No. 11-684. By implication, she also asks the Court to vacate its [32] Order dated October 19, 2011, dismissing the action without prejudice.   In support of the requested relief, Plaintiff cites to no rule or case law but instead seems to argue that the deficiencies of her Complaint, opined by Defendants in their motions to dismiss, would be cured by reopening and consolidating the previously closed case.   While not citing to Federal Rule of Civil Procedure 60(b), it is this rule on which Plaintiff's request necessarily relies.

Rule 60(b) permits a district court to "relieve a party or its legal representative from a final judgment, order, or proceeding" on one of six enumerated grounds.  Fed. R. Civ. P. 60(b). Plaintiff has failed to show that she is entitled to relief under any of the six provisions, and the

Court itself sees no reason to reconsider a ruling, which was summarily affirmed by the Court of Appeals, that the Court lacked subject matter jurisdiction.

Accordingly, Plaintiff's motion to reopen must be denied.

## IV. CONCLUSION

For all of the reasons stated herein, the District's [9] motion to dismiss is GRANTED insofar as it seeks dismissal of Plaintiff's claims against it due to Plaintiff's insufficient service of process. Further, Didizian's [10] motion to dismiss is GRANTED insofar as it seeks dismissal of Plaintiff's claims against Didizian due to Plaintiff's failure to timely assert those claims in accordance with the applicable statute of limitations. Accordingly, Plaintiff's claims against the District are dismissed in their entirety, without prejudice, and Plaintiff's claims against Didizian are dismissed in their entirety, with prejudice.  Further, Plaintiff's motion [17] to reopen and consolidated is DENIED.

An appropriate Order accompanies this Memorandum Opinion.

Date:   July 31, 2013

_____/s/_____
**COLLEEN KOLLAR-KOTELLY**
United States District Judge